*1039
OPINION.

Smith:
The only question for our determination is whether the petitioner sustained a deductible loss of his investment in the Pitt County fair venture in the taxable year 1920. We think that he did. The petitioner and his associates had undertaken during that year to organize a corporation, the stock of which was to be held by the farmers and business men of Pitt County. They secured, in writing, promises to subscribe for a large amount of stock in the corporation to be organized. Relying on such subscription promises, as well as upon the then prosperity of the county and their apparent ability to float the corporation successfully, the petitioner and his associates expended all of their available cash, which constituted a large sum of money, for the erection of a plant and improvements upon the intended future premises of the corporation. The money put in the venture by the petitioner was put in with the expectation that he would be reimbursed from the anticipated sales of stock.
These plans miscarried due to a local crop failure during the year 1920, and to a severe business depression, which was not merely local, but which was nation-wide. Those who had agreed to subscribe for stock were unable to and refused to do so. It was definitely known to the petitioner prior to the close of the year 1920 that the intended corporation could not be formed, that the entire undertaking had failed, and that the money sunk by him in the venture constituted a loss with little, if any, recoupment possible, there being none apparent at the close of the year.
The money that the petitioner and his associates had advanced had gone into the construction of a fair plant and improvements on land in which petitioner had no interest. The construction was done at a time when construction and material costs were at the highest peak. This period was immediately succeeded by a crop failure, coupled with local and national depression of the severest degree, all occurring during the same year. The evidence relating to the year 1920 convinces us that prior to the close of that year the undertaking had become a complete failure.
Nor does the evidence relating to the activities of petitioner and his associates, and to the events occurring during the year 1921, do *1040 more than demonstrate the fact that the investment made by the petitioner in the preceding year would not and could not be recouped. Consequently, the evidence seems to corroborate the contentions of the petitioner that he sustained a deductible loss and that such loss occurred and was sustained during the year 1920.
Respondent has increased the income reported by the petitioner in his return for the year 1920 by the amount of $2,883.11, which represents one-third of the difference between the gross receipts of the fair held in 1920, and the operating expenses thereof. The petitioner shows that this amount was immediately utilized to reduce the unpaid balance of cost of construction and claims that his loss during the year 1920 was increased correspondingly.
We think that the contentions of the petitioner are borne out by the facts and that he sustained a deductible loss during the taxable year 1920.

Judgment will be entered under. Rule 50.